IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-cv-217 |
| | § | |
| $20,000.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for a violation of 21 U.S.C. § 846.

Defendant In Rem

2. The following property seized from German Vergara-Honorato (hereinafter, "Honorato") on July 11, 2014, is the subject of this action: $20,000.00 in United States currency (hereinafter, "Defendant Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C § 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C § 846.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are contained in the Affidavit of Justin Marshall, which is attached hereto and incorporated herein by reference.

Potential Claimants

    8.    The known potential claimants to the Defendant Property are:

    a. German Vergara-Honorato – 2222 Graycliff Drive #237, Dallas, Texas 75228; 6523 Hunnicut, Dallas, Texas 75227; 9535 Brewster Street, Dallas, Texas 75227; and Heath E. Hyde – Heath Hyde-Attorney at Law, 900 Jackson Street, Suite 535, Dallas, Texas 75202, and

    b. Nolvia Donaire - 2222 Graycliff Drive #237, Dallas, Texas 75228 and 6523 Hunnicut, Dallas, Texas 75227.

Claim for Relief

    9.    The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

    Respectfully submitted,

    JOSEPH D. BROWN
    UNITED STATES ATTORNEY

    /s/ Kevin McClendon
    Kevin McClendon
    Assistant United States Attorney
    Texas Bar No. 13408620
    101 E. Park Blvd., Suite 500
    Plano, Texas 75074
    Tel: (972) 509-1201
    E-mail: kevin.mcclendon@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Jenifer Sparks, hereby state that:

1. I am a Special Agent with the Federal Bureau of Investigation.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*[signature]*
Jenifer Sparks
Special Agent
Federal Bureau of Investigation

Dated: 3/29/2018

# EASTERN DISTRICT OF TEXAS

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

1.  I, Jenifer Sparks, being duly sworn, depose and state that I am a special agent with the Federal Bureau of Investigation (hereinafter, "FBI") and have been so employed in this capacity since 1997. My duties as a special agent with FBI includes the investigation of possible criminal violations to include Controlled Substance offenses. I have personally conducted and assisted in numerous investigations of crimes and illicit activities that generate income for criminals. Many of these investigations have focused on individuals who derive their income from illegal sources. I have experience in gathering evidence to obtain seizure warrants; and interviewing defendants, witnesses, informants, and others who have personal knowledge of the amassing, spending, converting, transporting, distributing, laundering, and concealing of the proceeds derived from illegal activities. I also have experience regarding the forfeiture of assets involved in or traceable to Controlled Substance crimes. I have personally participated in the investigation described in detail below, and I am familiar with the facts and circumstances through my personal participation, from discussions with other agents and law enforcement officers, and from reviewing records and reports relating to the investigation.

## PROPERTY FOR FORFEITURE

2.  This affidavit is furnished to support an *in rem* forfeiture action brought against the following defendant property that is forfeitable in the Eastern District of Texas:

$20,000.00 in United States currency (hereinafter, "Defendant Property").

3.  The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C § 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C § 846.

## FACTS SUPPORTING FORFEITURE

4.  In July of 2013, law enforcement (hereinafter, "Agents") initiated an investigation into a drug trafficking organization (hereinafter, "DTO") responsible for the large scale importation, transportation and distribution of liquid and crystal methamphetamine, powder cocaine, heroin and marijuana from Mexico to cities located in the Eastern and Northern Districts of Texas as well as cities within the United States. During the course of the investigation, German Vergara-Honorato (hereinafter, "Honorato") was identified as a distributor of crystal methamphetamine for the DTO.

5.  On May 19, 2014, Agents were at 2222 Graycliff Drive #237, Dallas, Texas, looking for Honorato, who was also wanted for illegal reentry into the United States. While conducting surveillance of the location, Agents observed Honorato and a Nolvia Donaire (hereinafter, "Donaire") parking in the apartment parking lot. Agents made contact and Donaire, who stated that apartment #237 was her residence. Donaire then signed a consent form granting Agents consent to search her residence. Once inside,

Agents observed a white crystal substance in plain view, believed to be methamphetamine. Agents then secured the location and contacted Dallas Police Narcotics to obtain a search warrant. Agents read Honorato his Miranda rights in the field and asked him about the apartment. Honorato stated that there were drugs inside, and stated they were all his.

6. On May 19, 2014, Agents executed a search warrant at 2222 Graycliff Drive #237. During the search, Agents located $92.00 in United States currency along with a substance suspected to be crystalized methamphetamine and a scale. Agents also found a grey plastic tub that held several individual containers containing a liquid substance suspected to be methamphetamine, and a blue plastic container that held a metal strainer.

7. Agents transported Honorato to the Dallas Police Narcotics Division, where, in a recorded post-Miranda interview with Agents, Honorato stated that there were several kilos of methamphetamine in the apartment, and that Honorato receives approximately 8kg of methamphetamine every few weeks, which Honorato then sells for a profit. During a search incident to arrest, Agents found $2,263.00 in U.S. currency in Honorato's pocket.

8. Agents conducted a presumptive field test of the suspected substances, which returned positive results for the presence of methamphetamine. The approximate total weight of all methamphetamine was 25,472g.

9. On July 11, 2014, Agents seized the Defendant Property as proceeds of the drug conspiracy from Honorato. Honorato freely and voluntarily turned over the drug proceeds to Agents in the presence of Donaire.

10. A Grand Jury indicted Honorato for a violation of 21 U.S.C § 846, Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine on June 11, 2014. Honorato is a fugitive from justice as of the time of this affidavit.

11. Based on the facts and circumstances described above, I believe that the property listed in paragraph 2 is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C § 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C § 846.

_____
Jenifer Sparks
Special Agent
Federal Bureau of Investigation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. 4:18-cv-217 |
| | § | |
| $20,000.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## ORDER FOR WARRANT OF ARREST IN REM

TO: The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on March 29, 2018, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

**Order for Warrant of Arrest in Rem - Page 1 of 2**

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

**Order for Warrant of Arrest in Rem - Page 2 of 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 4:18-cv-217 |
| $20,000.00 IN UNITED STATES<br>CURRENCY,<br>Defendant. | §<br>§<br>§<br>§ | |

## APPLICATION FOR WARRANT OF ARREST IN REM

The United States of America, by its undersigned counsel, respectfully requests that the Clerk of this Court issue the attached warrant of arrest in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States shows as follows:

1. On March 29, 2018, the United States filed a complaint for civil forfeiture in rem in the above-referenced case seeking forfeiture of $20,000.00 in United States currency (defendant property).

2. The defendant property is in the possession, custody, and control of the United States, to wit: United States Marshals Service, which obtained custody on June 11, 2014, after executing a seizure warrant.

3. Supplemental Rule G(3)(b)(i) provides that if property is subject to forfeiture in a civil forfeiture case, and the property is in the Government's possession, custody, or control, the clerk "must issue a warrant to arrest the property."

**Application for Warrant of Arrest in Rem – Page 1 of 2**

Accordingly, the United States respectfully requests that the Clerk of the Court issue the attached warrant of arrest in rem.

        Respectfully submitted,

        JOSEPH D. BROWN
        UNITED STATES ATTORNEY

        /s/ Kevin McClendon
        KEVIN MCCLENDON
        Assistant United States Attorney
        Texas Bar No. 13408620
        101 E. Park Blvd., Suite 500
        Plano, Texas 75074
        Tel: (972) 509-1201
        E-mail: kevin.mcclendon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-cv-217 |
| | § | |
| $20,000.00 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant. | § | |

## WARRANT OF ARREST IN REM

TO: The United States Marshals Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On March 29, 2018, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $20,000.00 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1. To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii) for exceptions for serving as soon as practicable] by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2. Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.Dated:

                                        DAVID O'TOOLE
                                        Clerk of the Court
                                        United States District Court for the
                                        Eastern District of Texas

                              By:   _____
                                        Deputy Clerk

**Warrant of Arrest in Rem – Page 2 of 2**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$20,000.00 in United States currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Collin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/29/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____